UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ABDUMANON KHAPIZOV,

        Petitioner,

  v.                                    **ORDER**

                                            6:26-CV-6084-EAW

PAMELA BONDI,
  U.S. Attorney General, et al.,

        Respondents.
_____

        Petitioner Abdumanon Khapizov ("Petitioner") is a civil immigration detainee alleging that he is being detained in United States Immigration and Customs Enforcement custody pending removal proceedings in violation of the United States Constitution and seeks relief under 28 U.S.C. § 2241. (Dkt. 1). Petitioner was being held at the Buffalo Federal Detention Facility in Batavia, New York, at the time his petition was filed. (*Id.* at ¶ 1).

        On January 22, 2026, this Court entered a Text Order temporarily enjoining Respondents from transferring Petitioner outside this District pending a resolution of the petition. (Dkt. 2). By letter dated January 26, 2026, counsel for the government advised that Petitioner had been removed from the District prior to entry of this Text Order. (Dkt. 3). Because the Court concludes that Petitioner's presence in the District is necessary to support the Court's resolution of the issues in the petition, it permitted the parties to submit

their objection to the issuance of an order directing that Petitioner be returned. (Dkt. 6). Over the government's objection (Dkt. 7), the Court issued a Text Order directing Petitioner's return to the District on or before February 11, 2026 (Dkt. 8).

The Court has issued written decisions in *Quituizaca Quituisaca v. Bondi,* No. 6:25-CV-6527-EAW, 2025 WL 3264440 (W.D.N.Y. Nov. 24, 2025), and *Lieogo v. Freden,* No. 6:25-CV-06615 EAW, 2025 WL 3290694 (W.D.N.Y. Nov. 26, 2025), finding that noncitizens who are present in the United States without having been admitted or paroled are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) but instead are subject to detention under section 1226. In addition, this Court recently issued a Decision and Order in *Ivonin v. Rhoney, et al.*, No. 6:25-CV-06673 EAW, 2026 WL 199283 (W.D.N.Y. Jan. 26, 2026), holding that the detention of noncitizens following expiration of parole is also governed by 8 U.S.C. § 1226, and not § 1225.

On January 22, 2026, the Court directed Respondents to show cause on or before January 30, 2026, why the petition in this case should not be granted to the extent it seeks a bond hearing, and the Court should not order that Petitioner receive a bond hearing at which the government bears the burden to demonstrate, by clear and convincing evidence, that Petitioner is a danger to the community or a flight risk and at which the immigration judge must consider non-bond alternatives to detention or, if setting a bond, Petitioner's ability to pay. (Dkt. 2).

In response to the order to show cause, Respondents acknowledge that this Court's prior rulings in the identified cases concern the same or similar challenges to the

government policy or practice at issue in the instant petition and would direct the same outcome in this matter entitling Petitioner to a bond hearing. (Dkt. 10). The Court agrees.

Accordingly, for the same reasons set forth in *Quituizaca Quituisaca,* 2025 WL 3264440, *Lieogo*, 2025 WL 3290694, and *Ivonin*, 2026 WL 199283, the petition is granted to the extent that Petitioner seeks a bond hearing, and a bond hearing shall be conducted in accordance with the following terms:

1. Petitioner shall be granted a bond hearing before an immigration judge ("IJ") <u>on or before February 17, 2026</u>. If Petitioner requests a continuance that results in a bond hearing date outside this deadline, such a continuance will comply with this Order as long as the new date falls within a reasonable time period.

2. At this bond hearing, the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence. In deciding whether the government has met its burden of proof, the IJ must consider whether less-restrictive alternatives to detention can reasonably address the government's interest in Petitioner's continued detention.

3. If the IJ finds that the government has not met its burden, then in setting any bond the IJ must consider Petitioner's ability to pay and alternative conditions of release.

4. Thus, in order to continue Petitioner's detention after any bond hearing, the IJ must find by clear and convincing evidence and make findings that no condition or combination of conditions of release can reasonably ensure Petitioner's appearance and the safety of the community—that is, even with conditions, Petitioner presents an identified and articulable risk of flight or a threat to another person or the community.

5.  Respondents are directed to file a status update with the Court <u>on or before</u> <u>February 19, 2026</u>.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:    January 29, 2026
          Rochester, New York